UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 05-61976-CIV-COHN

LAVON HEATH,

        Plaintiff,

vs.

THOMAS O'MALLEY, et al.,

        Defendants.

_____/

## ORDER DENYING PLAINTIFF'S MOTION TO VACATE PREVIOUS ORDER

**THIS CAUSE** is before the Court on Plaintiff Lavon Heath's Motion Pursuant to Rule 60(b)(4) of the Federal Rules of Civil Procedure to Vacate Previous Order for Being Void [DE 22] ("Motion"). The Court has considered Plaintiff's Motion and is otherwise fully advised in the premises.

Plaintiff is currently incarcerated under a federal sentence for his involvement in a crack cocaine and cocaine distribution operation in Palm Beach County, Florida, from June 1, 1988, through June 14, 1990. Plaintiff initiated this proceeding back in 2005 to seek a mandamus order. Specifically, Plaintiff sought information from federal and state authorities concerning whether they sealed the wiretap used in the investigation of the drug distribution operation "immediately" pursuant to Section 802 of Title III of the Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C. § 2518(8)(a).

Magistrate Judge White recommended dismissal because Plaintiff had not provided any duty on the officials' part to release this information. In his objections,

Plaintiff argued that federal authorities, including the U.S. Attorney's Office and the Assistant U.S. Attorney involved in the prosecution, had a duty under Brady v. Maryland, 373 U.S. 83 (1963). The Court agreed with Plaintiff's contention that Brady obligations could extend after an individual's conviction. The Court, however, could not find that information concerning when officials sealed the wiretap was material. Even if Plaintiff obtained access to this information and the information demonstrated that the seal did not occur immediately, Plaintiff would not be able to use this evidence in a subsequent § 2255 motion. Because Plaintiff could have argued that the seal was not obtained immediately in his first § 2255 proceeding, he waived any right to raise such new arguments. Therefore, on April 13, 2006, the Court issued an Order Modifying in Part and Otherwise Adopting Magistrate's Report and Recommendation [DE 9] ("April 13, 2006 Order"), which dismissed Plaintiff's action. The Eleventh Circuit affirmed dismissal holding that "under the terms of [§ 2518(8)(a)], Heath does not have a clear right to the information and the government does not have a clear duty to disclose that information to Heath." Heath v. Asst. U.S. Attorney, 211 Fed. App'x 905, 906 (11th Cir. 2006).

In the instant Motion, Plaintiff argues that the April 13, 2006 Order is "void" because the "Court acted in a manner inconsistent with due process of law in violating Plaintiff's procedural due process rights . . . by not affording Plaintiff that process that was due when a federally-created liberty interest at stake . . . ." DE 22 at 1. Plaintiff seeks relief from the April 13, 2006 Order pursuant to Rule 60(b)(4).

Under Rule 60(b)(4) of the Federal Rules of Civil Procedure, the Court "may relieve a party . . . from a final judgment, order, or proceeding" if the Court finds that the

2

"judgment is void." Fed. R. Civ. P. 60(b)(4).  "Generally, a judgment is void under Rule 60(b)(4) if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law." Burke v. Smith, 252 F.3d 1260, 1263 (citation and internal quotation marks omitted); see also Rice v. Ford Motor Co., 88 F.3d 914, 918 n.7 (11th Cir. 1996).  "A judgment also is void for Rule 60(b)(4) purposes if the rendering court was powerless to enter it." Burke, 252 F.3d at 1263.

"However, a judgment is not void because of an error of law." Dixon v. Kilgore, 343 Fed. App'x 530, 532 (11th Cir. 2009) (citing Gulf Coast Bldg. & Supply Co. v. Int'l Bhd. of Elec. Workers, 460 F.2d 105, 108 (5th Cir. 1972)).  In addition, "a mere error in the exercise of jurisdiction does not support relief under  Rule 60(b)(4)." Oakes v. Horizon Fin., S.A., 259 F.3d 1315, 1319 (11th Cir. 2001) (per curiam).  Finally, "a  Rule 60(b) motion cannot substitute for an appeal." Scutieri v. Paige, 808 F.2d 785, 795 (11th Cir. 1987).

Plaintiff's Motion contains an extensive description of the applicable law. Plaintiff's Motion, however, contains no facts specific to this case to support a conclusion that the April 13, 2006 Order, which was affirmed on appeal, is void. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff Lavon Heath's Motion Pursuant to Rule 60(b)(4) of the Federal Rules of Civil Procedure to Vacate Previous Order for Being Void [DE 22] is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County,

Florida, this ___12th___ day of August, 2010.

JAMES I. COHN
UNITED STATES DISTRICT JUDGE

Copies provided to:

Counsel of record